**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

**JAMAL A. AZEEZ,**

**Plaintiff,**

**Civil Action No. 5:20-cv-00384**

**v.**

**POLICE OFFICER CEDRIC ROBERTSON,
BRUCE K. LAZENBY, and KRISTIN KELLER,**

**Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On June 5, 2020, Plaintiff, acting *pro se*[1], filed a Letter-Form Complaint requesting Defendants be prosecuted for their "criminal and racial misconduct" that resulted in Plaintiff's conviction and incarceration following a 1987 jury trial in Raleigh County Circuit Court. (ECF No. 1) Plaintiff names these Defendants: (1) Police Officer Cedric Robertson; (2) Bruce K. Lazenby; and (3) Kristin Keller.[2] In sum, Plaintiff alleges that his conviction in 1987 was due to racial bias during jury selection.[3] (Id. at 2)

By Standing Order entered June 5, 2020, this matter was referred to the undersigned United

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] The undersigned notes that Plaintiff has named "Kristin" Keller, Prosecuting Attorney of Raleigh County, West Virginia, as a Defendant, however, her name is spelled "Kristen."

[3] It appears as if Plaintiff did not file all the pages of his letter-form complaint, because he enumerated three instances of "criminal misconduct" but alleged that "(especially No. 7 in which Lazenby intentionally, deceitfully, conspiratorially, and discriminatorily struck the only black juror from the panel)". However, the undersigned notes that a letter from Plaintiff has been docketed on April 14, 2020 in a prior civil action he filed in this Court, *Azeez v. Keller, et al.*, case number 5:06-cv-00106 (ECF No. 247 at 3), wherein Plaintiff indicated "No. 7" concerned a black juror having been struck by Defendant Lazenby because Defendant Robertson may have arrested the potential juror; Plaintiff alleged that the potential juror had never been arrested. In the case *sub judice*, Plaintiff instead attached a news article dated June 27, 2003 entitled "Dozens Falsely Imprisoned Due to Prosecutor Misconduct" which mentions Defendant Keller was incorrectly named as the prosecutor on Plaintiff's 1987 "rape case."

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2)

**THE STANDARD**

Pursuant to 28 U.S.C. § 1915, the Court is required to screen each case in which a party seeks redress from a governmental entity or officer or employee of a governmental entity. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however,

the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[4], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at *3 (N.D.W. Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990).

## ANALYSIS

### 1. Lack of Authority to Initiate a Criminal Prosecution:

As noted *supra*, Plaintiff names three individuals allegedly involved in the 1987 criminal prosecution against him for sexual assault. (See, e.g., *Azeez v. Rubenstein, et al.*, case number 5:03-cv-00252; *Azeez v. Keller, et al.*, 5:06-cv-00106; *Azeez v. State of West Virginia*, case number 5:15-cv-15225; *State v. Azeez*, criminal action number 87-F-546 (Cir. Ct. Raleigh Co., Sept. 23, 1987)). Plaintiff herein explicitly requests the "prosecution" of Defendants for their racist and

[4] Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978).

criminal misconduct that resulted in his wrongful conviction and subsequent imprisonment for thirteen years.

However, the decision to bring federal or state charges are made by separate individuals. The ultimate authority to bring state charges rests upon the State Attorney General through its prosecutors, while the authority to bring federal charges rests upon the United States Attorney General through its prosecutors. It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against these Defendants. Young v. Herald, 2005 WL 1048117, at *8 (E.D. Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); Kennedy v. Anderson, 373 F.Supp. 1345, 1346 (E.D. Okla. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and Dixon v. State of Maryland, 261 F. Supp. 746 (D. Md. 1966)(prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. See United States v. Batchelder, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); Inmates of Attica Correctional Facility v. Rockefeller, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney).

Accordingly, to the extent Plaintiff intends to initiate a criminal prosecution against Defendants, his Letter-Form Complaint must be dismissed.

**2. Application of *Res Judicata*:**

To the extent that Plaintiff alleges misconduct during his criminal prosecution and/or unlawful conviction and imprisonment as they relate to the state sexual assault proceedings, it appears that Plaintiff is attempting to resurrect claims that were already adjudicated.

The doctrines of *res judicata*, collateral estoppel and/or claim preclusion provide yet additional grounds that command dismissal of Plaintiff's current civil action. The preclusive effects of the doctrines of *res judicata* and collateral estoppel are designed to promote judicial economy, encourage reliance on judicial decisions, and relieve parties from the expense of multiple lawsuits. See Parklane Hosiery Co. Inc. v. Shore, 439 U.S. 322, 326, 99, S.Ct. 645, 649, 58 L.Ed.2d 552 (1979); Wright & Miller, § 131.12[4][a]. "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Young-Henderson v. Spartanburg Area Mental Health Center, 945 F.2d 770, 773 (4th Cir. 1991)(*quoting*, Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). "The doctrine of *res judicata* encompasses two concepts: 1) claim preclusion and 2) issue preclusion, or collateral estoppel." See Orca Yachts, L.L.C. v. Mollicam, Inc., 287 F.3d 316, 318 (4th Cir. 2002)(citing In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996)(internal citations omitted). Collateral estoppel "precludes relitigation of an issue decided previously in judicial or administrative proceedings provided the party against whom the prior decision was asserted enjoyed a full and fair opportunity to litigate that issue in an earlier proceeding." In re McNallen, 62 F.3d 619, 624 (4th Cir. 1995).

Claim preclusion occurs when three conditions are satisfied: 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the

requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir. 1987). The doctrine of collateral estoppel applies if the following elements are satisfied: (1) "the issue sought to be precluded is identical to one previously litigated;" (2) "that the issue was actually determined in the prior proceeding;" (3) "that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding;" (4) "that the prior judgment is final and valid;" and (5) "that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum." Collins v. Pond Creek Mining Co., 468 F.3d 213 (4th Cir. 2003)(citation omitted).

It is apparent that the case *sub judice* involves the same events or offenses complained of in the prior civil actions Plaintiff filed in this Court. For instance, in *Azeez v. Rubenstein, et al.*, in which Plaintiff sought habeas relief concerning his sexual assault conviction, this Court dismissed the matter due to the expiration of the statute of limitations. (See ECF Nos. 7, 9 in case number 5:03-cv-00252) Indeed, this Court recognized in a subsequent civil action[5] Plaintiff had filed that he had been "entirely unsuccessful in challenging his sexual assault conviction", and noted numerous civil actions that remain final in all respects, including the matter mentioned *supra*: *State ex rel. Azzez v. Mangum*, 465 S.E.2d 163, 195 W. Va. 163 (1995); *Azeez v. Kirby*, Case No. 981696 (W. Va. July 7, 1999); *Azeez v. Duncil*, Civil Action No. 5:96-cv-0497; *Azeez v. Kirby*, Civil Action No. 5:98-cv-0523. (See *Azeez v. Keller, et al.*, Civil Action No. 5:06-cv-00106, ECF No. 222 at 2)

"The test to determine whether a cause of action is the same is 'to inquire whether the same evidence would support both actions or issues[.]' " See Harrison v. Burford, 2012 WL 2064499,

[5] That case related to his Section 1983 claims concerning his subsequent conviction for failure to appear, which had been overturned by the Northern District of West Virginia. (See *Azeez v. Haines*, Civil Action No. 2:00-cv-0054)

at *3 (S.D.W. Va. Jun. 7, 2012)(citations omitted) Of interest here is that Plaintiff's alleged racial bias during jury selection in the sexual assault proceeding had already been addressed by the West Virginia Supreme Court of Appeals in an opinion following Plaintiff's filing of a petition for habeas corpus.[6] See *State ex rel. Azeez v. Mangum*, 465 S.E.2d 163, 168-172 (W. Va. 1995). This decision is final in all respects. See also, *State v. Azeez*, 2015 WL 5125803 (W.Va. Aug. 31, 2015)(denial of petition for writ of error *coram nobis*). Of further interest is that this Court also dismissed a prior civil action that concerned Plaintiff's petition for a writ of error *coram nobis* wherein he raised the racial bias issue during jury selection in the sexual assault proceeding. See *Azeez v. West Virginia*, Civil Action No. 5:15-cv-15225, ECF No. 2 at 6. Significantly, that matter is also final in all respects.[7] See 2016 WL 1069958 (S.D.W. Va. Mar. 18, 2016), *affirmed by*, 668 Fed.Appx. 492 (4th Cir. Sept. 6, 2016), *rehearing and rehearing en banc denied* (Oct. 12, 2016), *certiorari dismissed by*, 137 S.Ct. 2133 (May 15, 2017).

Accordingly, the undersigned finds that Plaintiff's allegations or issues raised in the current civil action are identical to those presented in his prior civil action(s), and therefore, the same evidence would support both (all) actions. Therefore, the current case is barred by *res judicata*.[8]

---

[6] Prior to that, the West Virginia Supreme Court of Appeals refused two petitions Plaintiff had filed to appeal his conviction.

[7] In an Order denying Plaintiff's "Request for Reconsideration", entered on August 28, 2018, this Court succinctly stated:
> The Petitioner again presents arguments that he is innocent of his 1987 state court conviction for second degree sexual assault. He further contends that the prosecutor engaged in criminal misconduct. As the Court previously explained, federal courts do not have jurisdiction to hear a petition for a writ of error *coram nobis* that challenges a state conviction. The Petitioner cannot bring a traditional habeas corpus claim because he is no longer in custody. No factual or legal changes support reconsideration. The Petitioner has exhausted his appeals.

(See ECF No. 30 at 1, Civil Action No. 5:15-cv-15225)

[8] To the extent that Plaintiff is attempting to refashion or raise new allegations or arguments as they relate to a Section 1983 claim concerning his 1987 sexual assault conviction, clearly, the statute of limitations for same has long expired. See McCausland v. Mason County Bd. of Ed., 649 F.2d 278 (4th Cir. 1981), *cert. denied*, 454 U.S. 1098, 102 S.Ct. 671, 70 L.Ed.2d 639 (1981)("in the absence of any state statute of limitations specifically applicable to suits to redress a violation of civil rights, the West Virginia limitation on personal injury actions applies."); see also, W. Va. Code §

For the reasons stated herein, the undersigned respectfully recommends that Plaintiff's Letter-Form Complaint be dismissed with prejudice.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Letter-Form Complaint (ECF No. 1) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Volk and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

55-2-12(c)(providing for one and two year statutes of limitations for personal actions for which no other limitation has otherwise been prescribed).

Plaintiff, who is acting *pro se*.

ENTERED: June 15, 2020.

Omar J. Aboulhosn
United States Magistrate Judge