UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

JAMAL A. AZEEZ,

        Plaintiff,

v.                                              CIVIL ACTION NO. 5:20-cv-00384

POLICE OFFICER CEDRIC ROBERTSON,
BRUCE K. LAZENBY, and KRISTIN KELLER

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff Jamal A. Azeez's *pro-se* Letter-Form Complaint, filed June 5, 2020, requesting "prosecution" of the Defendants "for their criminal and racial misconduct" during his 1987 jury trial, which resulted in "13 years of illegal and wrongful imprisonment." [Doc. 1].

**I.**

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). As mentioned, Mr. Azeez's Complaint explicitly requests the "prosecution" of the Defendants allegedly involved in the prosecution of his 1987 criminal conviction for sexual assault in the Circuit Court of Raleigh County. [Doc. 1]. Mr. Azeez asserts that the Defendants "acted with criminal and racial motives," including racial bias during jury selection, "proving that [he] was wrongfully convicted because of [his] color and race." [*Id.*]. Additionally, Mr. Azeez provides a

list of "criminal misconduct" by the Defendants, which he maintains is illustrative of his "factual innocence."[1] [*Id.*].

Magistrate Judge Aboulhosn filed his PF&R on June 15, 2020, recommending dismissal of Mr. Azeez's Letter-Form Complaint inasmuch as Mr. Azeez lacks authority to initiate criminal proceedings against the Defendants, and the Court is unable to direct that they be prosecuted. Insofar as Mr. Azeez's Complaint alleges misconduct during his 1987 criminal prosecution resulting in his alleged wrongful conviction for second degree sexual assault, Magistrate Judge Aboulhosn concluded such allegations are identical to those presented by Mr. Azeez in numerous prior civil actions and are thus barred by *res judicata*.[2] Specifically, the Magistrate Judge concluded that Mr. Azeez's alleged racial bias during jury selection in his sexual assault trial was addressed by the West Virginia Supreme Court of Appeals in an opinion following his petition for a writ of habeas corpus, which remains final in all respects. *See State ex rel. Azeez v. Magnum*, 465 S.E.2d 163, 168-172, 195 W.Va. 163, 168-172 (1995). Magistrate Judge Aboulhosn thus recommends that the Court dismiss Mr. Azeez's letter-form Complaint and remove this matter from the docket. Mr. Azeez timely objected to the PF&R on June 29, 2020.

---

[1] The list of criminal misconduct appears to be alleged false statements made during Mr. Azeez's 1987 criminal trial. As noted by Magistrate Judge Aboulhosn, Mr. Azeez did not file all the pages of his letter-from Complaint. Mr. Azeez has, however, provided the missing page in an attachment to his objections. [*See* Doc. 4-2 at 7].

[2] As explained by the Honorable Irene C. Berger in *Azeez v. Keller, et al.*, No. 5:06-cv-00106, 2012 WL 3231323, at *1 (S.D.W. Va. Aug. 6, 2021), – and noted by the Magistrate Judge in his PF&R – Mr. Azeez has been "entirely unsuccessful in challenging his sexual assault conviction," and the following civil actions remain final in all respects: *State ex rel. Azeez v. Mangum*, 465 S.E.2d 163, 195 W. Va. 163 (1995); *Azeez v. Kirby*, Case No. 981696 (W. Va. July 7, 1999); *Azeez v. Duncil*, Civil Action No. 5:96-0497; *Azeez v. Kirby*, Civil Action No. 5:98-0523; *Azeez v. Rubenstein, et al.*, Civil Action No. 5:03-0252; and *Azeez v. State of West Virginia*, Civil Action No. 5:15-15225.

**II.**

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not, however, conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court notes that the bulk of Mr. Azeez's thirteen-page objections and supplement thereto contain mostly background information surrounding his sexual assault conviction and general and conclusory objections that fail to direct the Court to a specific error in the PF&R. Nonetheless, Mr. Azeez appears to make a few specific objections warranting review.

First, Mr. Azeez alleges that the Magistrate Judge "deliberately ignored the 8 innocence-bearing *Brady* factual evidences that were deliberately excluded via prosecutorial misconduct." [Doc. 4 at 2]. As mentioned in footnote one, however, Mr. Azeez only filed one page of his two-page letter-form Complaint. The Magistrate Judge thus did not ignore Mr. Azeez's "8 innocence bearing evidences," listed on page two of the Complaint given Mr. Azeez's failure to file the same. The Court has reviewed the second page of the Complaint provided in an attachment to Mr. Azeez's objections, however, and notes that these pieces of evidence[3] have been the subject of numerous lawsuits. *See e.g., State ex. rel. Azeez*, 465 S.E.2d at 167 (explaining that the State

---

[3] Mr. Azeez lists the following four witnesses and their four "exculpatory reports" that were "willfully concealed": "Dr. Richard Slack – the ER Physician and his negative report, Sgt. Fred Zain – the Serologist and the negative rape kit report – Officer Don Lilly – the Evidence Officer and the negative CIB Lab report, and Dr. Zarina Rasheed – the Pathologist and her exculpatory acid phosphate result." [Doc. 4-2 at 7].

and Mr. Azeez entered into a stipulation at trial that laboratory analysis of the rape kit was negative and that, after the stipulation was read to the jury, defense counsel objected that the Criminal Identification Bureau ("C.I.B.") lab report was exculpatory evidence that had been withheld); *see also Azeez v. State of West Virginia*, No. 5:15-cv-15225, 2018 WL (S.D.W. Va. Aug. 28, 2018).[4]

Moreover, in January of 2018, Mr. Azeez filed a motion to reopen his case in *Azeez v. Rubenstein, et al.*, No. 5:03-cv-00252, based on the same alleged pieces of exculpatory evidence supporting his innocence. *See* 5:03-cv-00252 [Doc. 34]. Mr. Azeez's motion, however, was denied by another member of this Court, the Honorable David A. Faber. *See Id.* [Doc. 35]. Indeed, Judge Faber explained that "any so-called 'new evidence' has been in Mr. Azeez's possession for years and has been the subject of numerous lawsuits . . . [and] much of this evidence is not 'new' nor does it necessarily lead to the conclusion that Azeez is 'actually innocent.'" *Id.*

Second, Mr. Azeez appears to object to the Magistrate Judge's use of the doctrine of *res judicata* and the "generic case laws cited in his MPF&R," and appears to contend that *McQuiggin v. Perkins*, 569 U.S. 383 (2013) should have been applied given his assertion of "factual innocence." [Doc. 4 at 4]. Regardless of whether the Magistrate Judge could have construed Mr. Azeez's Complaint as asserting an actual innocence claim, the Court concludes Mr.

---

[4] In an Order denying Mr. Azeez's "Request for Reconsideration," entered August 28, 2018, Judge Berger succinctly stated:

> The Petitioner again presents arguments that he is innocent of his 1987 state court conviction for second degree sexual assault. He further contends that the prosecutor engaged in criminal misconduct. As the Court previously explained, federal courts do not have jurisdiction to hear a petition for a writ of error coram nobis that challenges a state conviction. The Petitioner cannot bring a traditional habeas corpus claim because he is no longer in custody. No factual or legal changes support reconsideration. The Petitioner has exhausted his appeals.

[*See* Civil Action No. 5:15-15225, Doc. 30 at 1].

Azeez has failed to demonstrate the same. In *McQuiggin*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *McQuiggin*, 569 U.S. at 386. The Court went on to caution that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Upon review of the record, Mr. Azeez has failed to establish actual innocence under *McQuiggan* and thus the gateway remains closed to his procedurally barred claims.[5]

The remaining objections are patently frivolous. For example, Mr. Azeez seeks to disqualify the Magistrate Judge based on his service on a police civil service commission many years ago. There is no basis to reject the recommendations.

## III.

Based upon the foregoing, the Court **OVERRULES** Mr. Azeez's objections [**Docs. 4, 5**], **ADOPTS** the PF&R [**Doc. 3**], **DISMISSES** Mr. Azeez's Letter-Form Complaint [**Doc. 1**], and **REMOVES** this matter from the docket.[6]

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTERED: June 1, 2021

Frank W. Volk
United States District Judge

---

[5] The Court notes that Judge Faber reached an identical conclusion in *Azeez v. Rubenstein, et al.*, No. 5:03-cv-00252, based upon the same evidence. *See* 5:03-cv-00252 [Doc. 35].

[6] Also pending is Mr. Azeez's Motion for Appointment of Counsel [**Doc. 6**]. Given the Court's dismissal of the Complaint, Mr. Azeez's motion is **DENIED AS MOOT**.